# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUDY KROSHUS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | 3:08-cv-0246-LDG-RAM<br>(Kroshus I) |
| ALICIA UHOUSE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>    Defendants. | 3:08-cv-0285-LDG-RAM |
| BILL ADAMSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | 3:08-cv-0621-LDG-RAM<br>(Adamson I) |

| | |
|---|---|
| LARRY J. MOORE, et al., | 3:09-cv-0167-LDG-RAM |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendants. | |
| JAMES ADGETT, et al., | 3:09-cv-0649-LDG-RAM |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| JUDY KROSHUS, et al., | 3:09-cv-0713-LDG-RAM (Kroshus II) |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |
| BILL ADAMSON, et al., | 3:09-cv-0715-LDG-RAM (Adamson II) |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| JASON AMES, et al., | 3:10-cv-0463-LDG-RAM |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This order addresses the so-called procedural category of motions argued during the hearing on June 13, 2011, in Reno. The court granted the following motions from the bench during the hearing: the United States' motion to strike jury demand and to strike claims for prejudgment interest and attorneys' fees (#19) in Adgett; the United States' motion to strike jury demand and to strike claims for prejudgment interest and attorneys' fees (#20) in Adamson II; and the United States' motion to strike claims for prejudgment interest and attorneys' fees (#17) in Ames.[1]

In its motion to dismiss duplicative claims in Adgett (#20), the United States argued that two of the named plaintiffs in Adgett, Hayley McGrath and Hazyn McGrath, were also named plaintiffs in Adamson I, and that one of the named plaintiffs in Adgett, Victoria Lopez Lasane, is also a named plaintiff in Moore. As the United States pointed out during the hearing, the McGraths have since been dismissed from Adgett, and the parties have conceded that Lasane should be dismissed from Adgett. Accordingly, the court will grant the United States' motion to dismiss Lasane in Adgett, and deny as moot its motion to dismiss the McGraths in Adgett.

The court also heard arguments and permitted the plaintiffs to file supplemental authorities and the United States to file replies with respect to the United States' motion to dismiss duplicative claims in Adamson II (#21), and procedural aspects of the United States' motion to dismiss in Adamson I (#25) and Adamson II (#23). As to the motion to dismiss duplicative claims, plaintiffs do not dispute that 129 plaintiffs seek the exact same recovery based on the same factual allegations in both Adamson I and Adamson II, but rely on the possibility of consolidation of the Adamson cases as justification for leaving the duplicative claims in place. Even if the cases were consolidated at some future point, which is increasingly unlikely, the duplicative claims would remain in the separate cases. Accordingly, the duplicative claims in Adamson II will be dismissed.

---

[1] The grant of the motions to strike the jury demands will not prejudice plaintiffs' decision to seek an advisory jury at a later date.

In its motion to dismiss in Adamson I (#25), the United States argues in part that 31 plaintiffs are identified as minors, and ineligible under Nevada law to be named plaintiffs. Plaintiffs assert that (1) Nevada law permits a parent to maintain an action for the injury of a minor child, (2) the claims in Adamson II adequately state the representative capacity of the parents for the injuries of the minor children, and (3) consolidation of the cases would cure the defect related to the minor children in Adamson I.  The cases have not been consolidated, however; and in any event, the representational capacity of the parties must stand independently even if consolidation were to occur in the future. Therefore, the plaintiffs identified as minor children in Adamson I should be dismissed.

In its motion to dismiss in Adamson II (#23), the United States argues in part that plaintiffs in that action who are debtors in bankruptcy proceedings are ineligible to continue to prosecute their FTCA claims.  James and Denise Spracklin filed for Chapter 7 bankruptcy on June 23, 2008, and on December 30, 2009, the Trustee commenced an adversary proceeding naming the United States.  On May 19, 2010, the bankruptcy court entered an order dismissing the United States from the adversary proceeding on the ground that the action must be filed in this court.  The United States argues that the Spracklins' claims remain an asset of the bankruptcy estate, and that the Spracklins should be dismissed from Adamson II.  Indeed, it appears that the Trustee continues to administer other assets related to the Spracklins' potential recovery under the on-going class action settlements.  However, in light of the bankruptcy court's dismissal of the United States from the bankruptcy proceedings and its allowance for the Spracklins to file in this court, which they had done previous to the bankruptcy court's order, the court will not dismiss the Spracklins at this time. The parties may wish to seek further clarification in the bankruptcy court regarding the Spracklins' claims in Adamson II.

The United States also argues that Jeremy Gottlieb should be dismissed as a plaintiff from Adamson II because he filed for Chapter 7 bankruptcy in the Southern District of California and

any pre-petition claims remain an estate asset in that proceeding.  Plaintiff Gottlieb asserts that the bankruptcy court granted the Trustee's abandonment of his interest in this litigation on January 19, 2010.  However, as the United States points out, the abandonment of claims approved by the bankruptcy court included those against the irrigation district and builders, agents, and banks in the case, and not specifically those against the United States.  Therefore, plaintiff Gottlieb's claims against the United States remain an asset of the bankruptcy estate, and the United States' motion to dismiss him will be granted.

      THE COURT HEREBY ORDERS that the United States' motion to dismiss Victoria Lopez Lasane in Adgett (#20) is GRANTED, and its motion to dismiss Hayley McGrath and Hazyn McGrath in Adgett (#20) is DENIED as moot.

      THE COURT FURTHER ORDERS that the United States' motion to dismiss duplicative claims in Adamson II (#21) is GRANTED.

      THE COURT FURTHER ORDERS that the United States' motion to dismiss plaintiffs identified as minors in Adamson I (#25) is GRANTED.

      THE COURT FURTHER ORDERS that the United States' motion to dismiss debtors in bankruptcy in Adamson II (#23) is GRANTED as to plaintiff Jeremy Gottlieb and DENIED without prejudice as to plaintiffs James and Denise Spracklin.

DATED this 12 day of August, 2011.

_____
Lloyd D. George
United States District Judge