

FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 20 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JAMES ADGETT, et al.,
    Plaintiffs,

v.

UNITED STATES OF AMERICA,
    Defendant.

Case No. 3:09-cv-649-LDG-RAM

REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE
(~~proposed~~)

This Report and Recommendation is made to the Honorable Lloyd D. George, Senior United States District Judge. Before the Court is the United States' motion to dismiss the claims of Catherine McDermed and Lyndsay Wilday (#136). No opposition to the motion has been filed and the time within which a timely response could be filed has expired (#141). No request has been received to extend the time for responding to the motion. Based on the record before the Court, it is recommended that the United States' motion (#136) be GRANTED.

    1. The United States has moved to dismiss the claims of two plaintiffs in this action: Catherine McDermed and Lyndsay Wilday. The motion is brought pursuant to Rule 41(b), Fed.R.Civ.P., and is made on the grounds that <u>pro se</u> plaintiffs McDermed and Wilday have each failed to prosecute their claims, have failed to comply with their discovery obligations, and have abandoned their claims.

2. Plaintiff McDermed and plaintiff Wilday are two of the 232 named plaintiffs in this action for damages against the United States. When the complaint was filed in November 2009, they each were represented (along with the other named plaintiffs) by Robert Maddox, Esq. and his co-counsel.

3. In February 2010, interrogatories were propounded by the United States to all of the plaintiffs herein.

4. In February 2011, counsel for <u>McDermed</u> filed a motion (#89) to withdraw as counsel for McDermed. In the motion, counsel for McDermed stated that "Plaintiff McDermed has failed to cooperate with any and all of counsel's attempts regarding completion of Catherine McDermed responses to United States' First Set of Interrogatories to Plaintiff in [the Adgett case]. Counsel has attempted on numerous occasions to work with Catherine McDermed in completing her interrogatory responses but to no avail." <u>See</u> Motion to Withdraw (#89), p.1, lines 28-ff. The motion to withdraw further states that "On September 20, 2010, Catherine McDermed informed our offices that she had chosen to not respond to the interrogatories propounded upon her." <u>See</u> Motion to Withdraw (#89), p.2, lines 9-10.

5. On March 21, 2011, this Court conducted a status conference regarding this action and other related actions. Plaintiff McDermed appeared by telephone and acknowledged that she would thereafter be representing herself. She also acknowledged that there were outstanding interrogatories and the consequences of failing to answer the interrogatories, including "the consequences of that failure could be that your case gets thrown out." <u>See</u> Transcript of March 21 Hearing, pp. 45-46.

2

1  McDermed also acknowledged her address and telephone number. Id;
2  see also Minute Order (#94).
3      6.  Despite reasonable efforts by United States' counsel to
4  obtain responses to interrogatories from plaintiff McDermed
5  following the withdrawal of counsel, including personal
6  consultation with Ms. McDermed and multiple efforts to contact
7  McDermed by telephone and by mail, there has been no
8  communication from Ms. McDermed since March 21, 2011, and no
9  interrogatory responses have been received from her.
10     7.  Plaintiff McDermed has failed to prosecute her claims,
11 has failed to comply with her discovery obligations, and has
12 abandoned her claims.  Plaintiff McDermed has failed to oppose
13 the United States' motion (#136) to dismiss her claims.
14     8.  In September 2011, counsel for Wilday filed a motion
15 (#124) to withdraw as counsel for Wilday.  In the motion, counsel
16 for Wilday stated that "Plaintiff Lyndsay Wilday has not
17 responded to United States' First Set of Interrogatories to
18 Plaintiff in [the Adgett case] despite counsel's numerous
19 attempts over the last year and several months.  During this
20 time, our office was unable to successfully contact Ms. Wilday."
21 See Motion to Withdraw (#124), p.1, line 28-ff.  The motion to
22 withdraw further states that Ms. Wilday's mother (also a
23 plaintiff in the Adgett case) did not know her daughter's
24 whereabouts and "did not have any contact information for her
25 [Ms. Wilday] whatsoever."  See Motion to Withdraw (#124), p.2,
26 lines 8-10.
27     9.  On November 22, 2011, this Court conducted a status
28 conference regarding this action and other related actions.  At

1  that hearing, the Court granted counsels' motion to withdraw as
2  counsel for plaintiff Wilday. At the hearing, Mr. Maddox noted
3  that "we have not been able to locate Ms. Wilday, at all, in
4  spite of very diligent efforts to track her down." See
5  Transcript of November 22 Hearing, p. 9.

6  10. Despite reasonable efforts by United States' counsel to
7  obtain responses to interrogatories from plaintiff Wilday
8  following the withdrawal of counsel, there has been no
9  communication from Ms. Wilday and no interrogatory responses have
10 been received from her. There has been no communication from Ms.
11 Wilday at any time and no reasonable means exist to contact her.

12 11. Plaintiff Wilday has failed to prosecute her claims,
13 has failed to comply with her discovery obligations, and has
14 abandoned her claims. Plaintiff Wilday has failed to oppose the
15 United States' motion (#136) to dismiss her claims.

16 BASED ON THE FOREGOING and for good cause appearing, the
17 court recommends that the United States' motion (#136) to dismiss
18 the claims of Catherine McDermed and Lyndsay Wilday be GRANTED.

19 1. Pursuant to 28 USC § 636(b)(1)(c), the parties may file
20 written objections to this Report and Recommendation within
21 fourteen days of filing. These objections should be entitled
22 "Objections to Magistrate's Report and Recommendation" and should
23 be accompanied by points and authorities for consideration by the
24 District Court.

25 Dated: March 20, 2012.

Robert A. McQuaid, Jr.
UNITED STATES MAGISTRATE JUDGE

4